UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NATIONAL UNION FIRE INSURANCE     )
COMPANY OF PITTSBURGH, PA,         )
                                   )
            Plaintiff,             )
                                   )
        vs.                        )        No. 4:05CV961-DJS
                                   )
INTERSTATE BRANDS CORPORATION,     )
BRENDA L. SIECKMANN, CRUM &        )
FORSTER SPECIALTY INSURANCE        )
COMPANY, DISCOVERY PROPERTY &      )
CASUALTY INSURANCE COMPANY,        )
J.D. KUTTER INSURANCE              )
ASSOCIATES, INC., and MIDWESTERN   )
GENERAL BROKERAGE, INC.,           )
d/b/a Westrope & Associates,       )
                                   )
            Defendants.            )

## ORDER

Defendant Brenda Sieckmann brought a wrongful death action in the Circuit Court of the City of St. Louis, Missouri, against defendant Interstate Brands Corporation, seeking damages for the wrongful death of her husband by electrocution on Interstate's premises. Sieckmann obtained a judgment in excess of $9 million, which is currently on appeal. Defendant Discover issued excess general liability insurance policy to Interstate. Defendant Crum & Forster issued a commercial general liability insurance policy to Acme Erectors, Inc., allegedly Mr. Sieckmann's employer at the time of his death. Plaintiff National Union alleges that defendant Interstate is an additional insured under

the Crum & Forster policy, as to which defendant J.D. Kutter acted as Crum & Forster's agent. Plaintiff National Union issued commercial umbrella liability insurance to Interstate, with defendant Westrope allegedly acting as Interstate's insurance broker with respect to procuring that coverage.

Following the entry of judgment in Brenda Sieckmann's favor in state court, Sieckmann filed on August 15, 2005 in the same state court an equitable garnishment, declaratory judgment and negligence action against Interstate Brands, National Union, Discovery, Lockton Companies, Inc., and J.D. Kutter Insurance Associates, Inc. In this Court, plaintiff National Union's amended complaint, filed November 23, 2005, added a number of the same defendants as named in Sieckmann's equitable garnishment action. In the amended complaint, National Union seeks various declaratory judgments concerning Interstate's coverage as an additional insured under the Crum & Forster policy with respect to the underlying Sieckmann lawsuit and concerning the scope of coverage of Interstate's National Union policy in view of the Discover and Crum & Forster policies.

Now before the Court are motions to dismiss or to stay this action, filed by defendant Sieckmann and defendant Interstate. Movants argue that this action should be dismissed because it and the state court action both seek determinations as to which party is responsible to satisfy Sieckmann's wrongful death judgment and for a $1 million alleged gap in Interstate's insurance coverage,

and because Missouri law governs the claims, which can be satisfactorily adjudicated in state court, where all the necessary parties are named (whereas one party, Lockton Companies, Inc., is not named in this federal action).

Because this Court's declaratory judgment jurisdiction is discretionary, when a federal declaratory judgment action is pending parallel to a state court proceeding presenting the same issues, the Court must consider whether the issues can be better settled by the state court: "[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942), reaffirmed in Wilton v. Seven Falls Company, 515 U.S. 277, 289-90 (1995). See also Capitol Indemnity Corporation v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000). Here, as in Haverfield:

> [A] parallel state court action [is] pending that present[s] the same issues between the same parties. Further both actions [are] governed solely by state law. Thus, the state court [is] in the better position to adjudicate the matter, and permitting this federal action to proceed [is] unnecessarily duplicative and uneconomical.

Id.

In response to the motion, plaintiff National Union concedes that the two actions are parallel in that they present the same issues between the same parties, and National Union in fact acknowledges that the state court proceedings involve one party not

3

present here.  Pltf. Opp. [Doc. #43], pp.6, 8 & 9.  Furthermore, National Union does not dispute that Missouri law governs the issues presented in both actions.  National Union merely urges the Court to exercise its discretion in favor of retaining jurisdiction over this action.  Review of <u>Brillhart</u>, <u>Wilton</u> and <u>Haverfield</u> persuades the Court to the contrary, however, that permitting this action to proceed would be duplicative and uneconomical.  Upon careful consideration, the Court will grant defendant Sieckmann's and defendant Interstate Brands Corporation's motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Brenda Sieckmann's motion to dismiss [Doc. #26-1] is granted, and her motion in the alternative to stay [Doc. #26-2] is denied as moot.

**IT IS FURTHER ORDERED** that defendant Interstate Brands Corporation's motion to dismiss [Doc. #29-1] is granted, and its motion in the alternative to stay [Doc. #29-2] is denied as moot.


Dated this ___18th___ day of January, 2006.


/s/Donald J. Stohr_____
UNITED STATES DISTRICT JUDGE